UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DERRICK ANDERSON,

Plaintiff,

v.

SPLENDID HOSPITALITY GROUP, LLC,

Defendant.

---

**ORDER**
25-CV-3992 (MKB) (LEK)

MARGO K. BRODIE, United States District Judge:

Plaintiff Derrick Anderson commenced the above-captioned action against Defendant Splendid Hospitality Group, LLC on July 18, 2025, in this Court, seeking a permanent injunction and compensatory damages for alleged discrimination under the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. (Compl., Docket Entry No. 1.)

On October 30, 2025, Magistrate Judge Lara K. Eshkenazi held a default conference following which Judge Eshkenazi directed the parties to submit a status letter regarding settlement discussions or a stipulation of dismissal on or before November 21, 2025. (*See* Min. Entry dated Oct. 30, 2025.) The parties failed to respond by the deadline. (*See* Order dated Aug. 14, 2026.) On August 14, 2026, Judge Eshkenazi ordered Plaintiff to show cause on or before September 1, 2026, as to why the action should not be dismissed for failure to prosecute, and Plaintiff failed to respond by the deadline. (*Id.*)

## I. Discussion

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court

order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) ("Under Rule 41(b), a district court, in its discretion, may dismiss an action for a plaintiff's want of prosecution." (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993))). Dismissal pursuant to Rule 41(b) is, however, a "harsh remedy" to be "reserved for 'extreme situations.'" *Id.* (quoting *Minnette*, 997 F.2d at 1027); *see also Friedman v. Bloomberg, L.P.*, No. 22-2967, 2024 WL 1298601, at *3 (2d Cir. Mar. 27, 2024) (summary order) (observing that "dismissal under Rule 41(b) is the 'harshest of sanctions' and is to be used 'only in extreme situations'" (quoting *Baptiste*, 768 F.3d at 217)); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (quoting same). When district courts assess whether dismissal under Rule 41(b) is appropriate, they must consider the "*Drake* factors," namely whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against [the] plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Mayanduenas v. Bigelow*, 849 F. App'x 308, 310–11 (2d Cir. 2021) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (considering the same five factors) (quoting *Baptiste*, 768 F.3d at 216). Courts must "evaluate the record in its entirety because '[n]o one factor is dispositive.'" *Weiner*, 87 F.4th at 164 (alteration in original) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "'Generally, no one factor is dispositive,' and 'a district court is not required to discuss each of the factors on the record . . . .'" *Snap Devs. LLC v. Tabak*, No. 25-CV-1221, 2026 WL 901170, at *5 (E.D.N.Y. Apr. 2, 2026) (alteration in original) (quoting

*Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)); *see Nodify, Inc. v. Kristan*, No. 17-CV-2201, 2020 WL 13566475, at *1 (E.D.N.Y. Apr. 17, 2020) ("As 'no one factor is dispositive,' courts need only provide an explanation for the dismissal rather than consider each factor." (quoting same)), *report and recommendation adopted*, 2020 WL 13566476 (E.D.N.Y. May 6, 2020). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)); *see Tacon v. Cromwell*, No. 24-3138, 2025 WL 1409747, at *3 (2d Cir. May 15, 2025) (summary order) (quoting *id.*), *cert. denied*, --- S. Ct. ---, 2026 WL 135740 (Jan. 20, 2026).

In evaluating the relevant factors, the Court finds that they weigh in favor of dismissal. First, Plaintiff stopped communicating with the Court over ten months ago. *See Norman v. Tod's S.p.A.*, No. 18-CV-875, 2018 WL 2744791, at *3 (S.D.N.Y. June 7, 2018) (dismissing for failure to prosecute where the plaintiff failed to litigate for six months).

Second, Defendant's inactivity does not excuse Plaintiff's inaction. *See Bell v. Ramirez*, No. 13-CV-7916, 2021 WL 5280626, at *2 (S.D.N.Y. Nov. 12, 2021) ("The [c]ourt cannot say how the defendant [ ] is affected by plaintiff's non-compliance because the last communication to a judicial officer from the last remaining defendant [ ] appears to have been over four years ago . . . [the plaintiff's] acquiescence in defendant's inactivity is relevant, though not dispositive, to whether he has failed to prosecute the action.").

In addition, dismissal with prejudice is appropriate because: (1) Plaintiff failed to communicate with the Court and failed to respond to deadlines; and (2) lesser sanctions would not be effective because Plaintiff has failed to prosecute this case for over ten months. *See Cabrera v. RLB USA Safety & Hardware Inc.*, No. 23-CV-5267, 2024 WL 3011194, at *3–4

(E.D.N.Y. June 14, 2024) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because the plaintiff failed to: (1) prosecute the action for ten months; (2) comply with a court order that warned that the plaintiff's failure to comply may result in dismissal; and (3) obtain new counsel); *Ventoso v. Shihara*, No. 19-CV-3589, 2022 WL 19706, at *2–3 (S.D.N.Y. Jan. 3, 2022) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because: (1) the plaintiff failed to prosecute the action for over a year; (2) the plaintiff was put on notice that her claims were subject to dismissal; (3) the plaintiff "has not merely delayed prosecuting her case, but has altogether ceased responding to defense counsel's attempts to communicate"; and (4) "the [c]ourt [cannot] fashion a lesser remedy to cure the prejudice that [the plaintiff's] refusal to initiate arbitration impose[d] on [the] defendants").

## II. Conclusion

For the foregoing reasons, the Court dismisses with prejudice Plaintiff's claims for failure to prosecute pursuant to Rule 41(b).

Dated: September 21, 2026
Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge